**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Raphael Stewart,<br><br>                              Plaintiff,<br>     -v-<br><br>Maimonides Medical Center,<br><br>                              Defendant. | **Civ. Action #:**<br><br>**Complaint**<br><br><br>**Jury Trial Demanded** |

Plaintiff Raphael Stewart ("Plaintiff" or "Stewart"), by Abdul Hassan Law Group, PLLC, his attorneys, complaining of the Defendant Maimonides Medical Center ("Defendant" or "MMC"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges, that he was employed by Defendant and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that he is: (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week; (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. §§ 216(b).

2. Plaintiff further complains pursuant to New York Labor Law, that he is: (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week, (ii) is entitled to maximum liquidated damages and attorneys' fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law§§ 650 et seq., including NYLL § 663, and the regulations thereunder.

3. Plaintiff is also entitled to recover his unpaid wages including non-overtime and overtime wages, and unlawful wage deductions, under Article 6 of the New York Labor Law including Section 191, 193, and maximum compensation for not receiving notices and statements required by NYLL 195, under Article 6 of the New York Labor Law and is also entitled to

maximum liquidated damages, interest, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

4. Plaintiff further alleges that he was employed by Defendant and pursuant to the Family and Medical Leave Act ("FMLA") 29 USC § 2601 et seq., that Defendant violated the FMLA, including 29 U.S.C § 2620, § 2614, § 2615, when it terminated Plaintiff's employment and discharged Plaintiff in retaliation/discrimination because Plaintiff exercised his rights and engaged in protected activity under the FMLA – by taking FMLA leave he was entitled to and which was earlier approved by Defendant. Plaintiff seeks the recovery of lost income including back pay and front pay/reinstatement, lost benefits, other losses and damages caused, interest, maximum liquidated damages, as well as attorneys' fees and costs, pursuant to 29 USC § 2617.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 U.S.C. § 216 (b).

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 2202.

## THE PARTIES

8. Plaintiff Raphael Stewart ("Plaintiff" or "Stewart") is an adult, over eighteen years old, who currently resides in Queens County in the State of New York.

9. Upon information and belief and at all times relevant herein, Maimonides Medical Center ("Defendant" or "MMC") was a New York for-profit corporation with a place of business located in Kings County, New York at 4802 10th Avenue, Brooklyn, NY 11219 where

Plaintiff was employed.

## STATEMENT OF FACTS

10. Upon information and belief, and at all relevant times herein, Defendant was a hospital that provided medical and healthcare services to the public. See https://maimo.org/

11. Upon information and belief, and at all relevant times herein, Defendant employed over 100 employees at its location where Plaintiff was employed.

12. At all times relevant herein, Plaintiff was employed by Defendant from in or around May 2017 to in or around December 2018.

13. At all times relevant herein, Plaintiff was employed by Defendant as a manual worker in Defendant's environmental service department performing functions such as cleaning etc.

14. At all times relevant herein, Plaintiff Stewart was an hourly employee of Defendant and was paid at a regular hourly rate of about $18-$20 an hour at separate times during his employment with Defendant and Plaintiff was not paid for each and all hours worked in a week, for each week during his employment with Defendant.

15. Plaintiff worked about 42.5 or more hours each week – 5 days a week, during his employment with Defendant with the exception of 1-2 weeks per month from June 2018 to December 2018 when Plaintiff took intermittent FMLA-protected leave.

16. At all times relevant herein, Defendant had an intentional and willful policy and practice of *automatically* deducting payment for one hour each day from the wages of Plaintiff for "lunch." However, due to the demands of his job, Plaintiff due to the demand of the job, Plaintiff did not receive a bona fide meal break/period under the FLSA and NYLL. As a result of this unlawful wage practice, Plaintiff is owed about 2.5 hours of non-overtime wages each week and Plaintiff is also owed about 2.5 or more hours of overtime wages each week, during his employment with Defendant with the exception of 1-2 weeks per month from June 2018 to December 2018 when Plaintiff took intermittent FMLA-protected leave.

17. Plaintiff took the FMLA leave approved by Defendant intermittently about once or twice a month and notified Defendant as required. However, on or about December 28, 2018, Defendant terminated Plaintiff for taking the very leave it had approved on the grounds of absence. As such, because Plaintiff was terminated for taking leave he was entitled to and which was protected under the FMLA, his termination by Defendant violated the FMLA and was therefore unlawful.

18. Defendant knew Plaintiff was entitled to the leave he took and which Defendant approved, and Defendant's decision to terminate Plaintiff – because it no longer wanted to accommodate the FMLA protected absences, was willful and intentional.

19. A more precise statement of the hours and wages may be made when Plaintiff obtains the wage and time records Defendants were required to keep under the FLSA and NYLL. *Accurate* copies of plaintiff's wage and time records that Defendants were required to keep pursuant to 29 USC 211, 29 CFR 516 and NYLL 195, 12 NYCRR 142.2-6, are incorporated herein by reference.

20. At all times relevant herein, Defendant did not provide Plaintiff with the notice(s) required by NYLL 195(1).

21. At all times relevant herein, Defendant not provide Plaintiff with the statement(s) required by NYLL 195(3) – the wage statements provided to Plaintiff did not state all hours worked nor all wages earned, among other deficiencies.

22. Upon information and belief and at all times relevant herein, Defendant had annual revenues and/or expenditures in excess of $500, 000. Plaintiff references and incorporates herein, accurate copies of records of Defendant's business volume and revenues as well as business operations and commerce that Defendant was required to keep and maintain under the FLSA including under 29 CFR 516.

23. Upon information and belief, and at all times relevant herein, Defendant and Plaintiff conducted business with insurance companies outside the state of New York.

24. Upon information and belief and at all times relevant herein, Defendant purchased medical equipment and supplies essential for its business, from vendors outside the state of New York.

25. At all times applicable herein, Defendant conducted business with vendors and other businesses outside the State of New York.

26. Defendant as a regular part of its business, makes payment of taxes and other monies to agencies and entities outside the State of New York.

27. Defendant as a regular part of its business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

28. At all times applicable herein and upon information and belief, Defendant utilized the instrumentalities of interstate commerce such as the United States mail, electronic mail, the internet and telephone systems.

29. At all times relevant herein and for the time Plaintiff was employed by Defendant, Defendant failed and willfully failed to pay Plaintiff an overtime rate of at least 1.5 times his regular rate of pay for each and all hours worked in excess of forty hours in a week during his employment with Defendant with the exception of 1-2 weeks per month from June 2018 to December 2018 when Plaintiff took intermittent FMLA-protected leave.

30. Upon information and belief, and at all relevant times herein, Defendant failed to display and adequately display federal and state minimum wage/overtime posters (29 CFR 516.4; 12 NYCRR 142-2.8), and Defendants failed to notify Plaintiff of his federal and state minimum wage and overtime rights and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement agencies. As such, equitable tolling applies in this case. See i.e. *Veltri v. Building Service 32B-J Pension Fund*, 393 F.3d 318, 324 (2d Cir. 2004), *Kim v. Kum Gang, Inc.,* No. 12 CIV. 6344 MHD, 2015 WL 2222438, at 33–34 (S.D.N.Y. Mar. 19, 2015).

31. "Plaintiff" as used in this complaint refers to the named Plaintiff.

32. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq.

33. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 32 above as if set forth fully and at length herein.

34. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the FLSA – 29 USC § 201 et Seq.

35. At all times relevant to this action, Plaintiff was engaged in commerce and/or in the production of goods for commerce and/or Defendant constituted an enterprise(s) engaged in commerce within the meaning of 29 U.S.C. § 207.

36. At all times relevant herein, Defendant transacted commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

37. At all times relevant herein, Defendant <u>failed</u> and <u>willfully failed</u> to pay Plaintiff overtime compensation at rates not less than 1.5 times his regular rate of pay for each hour worked in excess of forty hours in a week, in violation of 29 U.S.C. § 207.

## Relief Demanded

38. Due to Defendant's FLSA overtime violations, Plaintiff is entitled to recover from Defendant, his unpaid overtime compensation, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR A SECOND CAUSE OF ACTION
## NYLL 650 et Seq. (Unpaid Overtime)

39. Plaintiff alleges, and incorporates by reference the allegations in paragraphs 1 through 37

above as if set forth fully and at length herein.

40. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations and wage orders thereunder including 12 NYCRR § 142.

41. At all times relevant herein, Defendant <u>failed</u> and <u>willfully failed</u> to pay Plaintiff overtime compensation at rates not less than 1.5 times his regular rate of pay for each hour worked in excess of forty hours in a work-week, in violation of the New York Minimum Wage Act and its implementing regulations and wage orders. N.Y. Lab. Law §§ 650 et seq., including 12 NYCRR § 142-2.2.

### Relief Demanded

42. Due to Defendant's New York Labor Law violations, Plaintiff is entitled to recover from Defendant, his unpaid overtime compensation, prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1).

### AS AND FOR A THIRD CAUSE OF ACTION
### (NYLL § 190, 191, 193, 195 and 198)

43. Plaintiff alleges, and incorporates each and every allegation contained in paragraphs 1 through 42 above with the same force and effect as if fully set forth at length herein.

44. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198 and the applicable regulations thereunder.

45. Defendant violated and willfully violated NYLL §§ 190 et seq., including §§ 191, 193 and 198, by failing to pay Plaintiff all his overtime wages, (FLSA and NYMWA) and his non-overtime wages, as required under NY Labor Law § 190 et seq. including NYLL 191(1)(a).

46. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff with the

notice(s) required by NYLL § 195(1) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL § 198 including NYLL § 198(1-b), as well as an injunction directing Defendant to comply with NYLL § 195(1).

47. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL § 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL § 198 including NYLL § 198(1-d), as well as an injunction directing Defendant to comply with NYLL § 195(1).

### Relief Demanded

48. Due to Defendant's New York Labor Law Article 6 violations including violation of sections 191, 193 and 198, Plaintiff is entitled to recover from Defendant, his entire unpaid wages, including his overtime wages, (FLSA and NYMWA) and his non-overtime wages, unlawful deductions, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL § 195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

### AS AND FOR A FOURTH CAUSE OF ACTION
### FMLA RETALIATION/DISCRIMINATION - 29 U.S.C § 2617, etc.

49. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 48 above as if set forth fully and at length herein.

50. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the FMLA, 29 USC § 2601 et Seq., and the regulations thereunder.

51. At all times relevant herein, Defendant was a covered person, entity or employer within the meaning of the FMLA, 29 USC § 2601 et Seq.

52. Defendants discharged/terminated Plaintiff, in retaliation/discrimination and in violation of the FMLA, including 29 USC § 2615 for engaging in protected activity as laid out above

such as exercising his FMLA rights, by requesting and taking leave to care for his six year old son who suffers from a serious and ongoing health condition.

53. Plaintiff is entitled to recover from Defendants under the FMLA including 29 USC § 2617 all his damages recoverable under the FMLA, including his loss of income such as back pay and front pay/reinstatement, other losses and damages caused, interest, maximum liquidated damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

54. Declare Defendant (including its overtime and wage payment policy and practice), to be in violation of the rights of Plaintiff, under the FLSA and New York Labor Law – 12 NYCRR § 142, and Article 6 of the NYLL – NYLL § 190 et Seq.

55. As to the **First Cause of Action**, award Plaintiff his unpaid overtime wages due under the FLSA, together with maximum liquidated damages, costs and attorneys' fees pursuant to 29 USC § 216(b);

56. As to the **Second Cause of Action**, award Plaintiff his unpaid overtime wages due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR §§ 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

57. As to the **Third Cause of Action**, award Plaintiff any and all outstanding wages, including his entire unpaid wages, including his overtime wages, (FLSA and NYMWA) and his non-overtime wages, wage deductions, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL § 195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

58. As to her **Fourth Cause of Action**, award Plaintiff pursuant to FMLA including 29 USC § 2617 all his damages recoverable under the FMLA, including his loss of income such as back

pay and front pay/reinstatement, other losses and damages caused, interest, maximum liquidated damages, costs and attorneys' fees.

59. Award Plaintiff, any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

60. Award Plaintiff such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
      **March 29, 2021**

Respectfully submitted,

Abdul Hassan Law Group, PLLC

/s/ Abdul Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff*
215-28 Hillside Avenue, Queens Village, NY 11427
Tel: 718-740-1000 -Fax: 718-740-2000
Email: abdul@abdulhassan.com